793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARTHA P. ALLEN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5636
 United States Court of Appeals, Sixth Circuit.
 5/28/86
 
 AFFIRMED
 E.D.Tenn.
 On Appeal from the United States District Court for the Eastern District of Tennessee
 Before: ENGEL, CONTIE and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Martha P. Allen appeals a judgment entered in the United States District Court for the Eastern District of Tennessee upholding the administrative denial of her claim for disability insurance benefits brought pursuant to the Social Security Act, 42 U.S.C. Secs. 301, et seq.
 
 
 2
 Ms. Allen was awarded supplemental security income benefits on October 31, 1979, upon a finding that she was disabled as of April 4, 1978. The present appeal concerns the April 17, 1981 denial by an administrative law judge (ALJ) of Ms. Allen's request to reopen her claim for disability insurance benefits. She applied for disability benefits on May 11, 1976, but her application was denied initially and upon reconsideration. After an administrative hearing, an ALJ determined that during the period in question she retained the ability to perform her previous work as a telephone solicitor and cashier, and was not disabled. The ALJ made an express finding that Ms. Allen was not disabled prior to March 21, 1977, the date of decision. This decision was affirmed by the Appeals Council and no further appeals were sought.
 
 
 3
 Allen filed another application for disability benefits on July 20, 1977. An ALJ reviewed the additional medical evidence submitted and deemed the new application to be a request for reconsideration of the 1976 application. He concluded that he was bound by the previous finding that Ms. Allen was not disabled prior to March 21, 1977, and dismissed the application. In her request to reopen the case, Ms. Allen attempted to establish that the ?? date of ther ?? on or after March 22, 1977. The ALJ found that she met the earnings requirements only through June 30, 1977. Therefore, to prevail Ms. Allen had to establish that she was disabled between March 22 and June 30, 1977. After consideration of even more medical reports and another hearing, the ALJ concluded that '[t]he evidence does not establish the existence of a disabling impairment or combination of impairments rendering the claimant unable to perform any substantial gainful activity beginning on or before June 30, 1977, the date last insured.' Jt. App. at 27.
 
 
 4
 We agree with the district court that Ms. Allen has failed to carry her burden of establishing her entitlement to regular disability benefits during the period in question and that substantial evidence supports the Secretary's final decision.
 
 
 5
 AFFIRMED.